| UNITED STATES BANKRUPTCY COURT | Hearing Date: December 3, 2020 |
| SOUTHERN DISTRICT OF NEW YORK | Hearing Time: 3:00 p.m. |
| WHITE PLAINS | |

---------------------------------------------------------X

In re:

AXIA REALTY, LLC,

               Debtor.

---------------------------------------------------------X

Chapter 11

Case No. 20-12511-mg

## SUPPLEMENTAL STATEMENT IN RESPONSE TO THE DEBTOR'S MOTION FOR INTERIM AND FINAL ORDERS PURSUANT TO SECTION 364(d) OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001 AND 9014 AUTHORIZING THE DEBTOR TO OBTAIN POST PETITION FINANCING SECURED BY A SENIOR LIEN ON THE DEBTOR'S REAL PROPERTY

     Constantina S. Papageorgiou, Esq. ("Papageorgiou"), Guardian of the Property of Spiros Milonas ("Spiros"), by and through her attorneys, the Law Office of Michael G. Mc Auliffe, hereby submits this Supplemental Statement in Response to the motion of Axia Realty, LLC (the "Debtor") dated November 16, 2020 (the "Debtor's Motion") seeking interim and final orders pursuant to section 364(d) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001 and 9014 authorizing the Debtor to obtain post petition financing secured by a senior lien on the Debtor's real property

### INTRODUCTION

     1.     On October 26, 2020 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. Section 101-et seq (the "Bankruptcy Code").

     2.     No trustee has been appointed in the Debtor's case. Consequently, the Debtor is continuing in the operation of its business and the management of its property as a Debtor in

Possession, with all the rights, duties, and obligations set forth at §§1107(a) and 1108 of the Bankruptcy Code.

3. No official committee of unsecured creditors has been appointed by the Offices of the United States Trustee for the Southern District of New York (the "U.S. Trustee") in this Chapter 11 case.

4. At the hearing on the Debtor's Motion conducted on November 20, 2020, this Court directed that the parties file any and all papers regarding the legitimacy of the Debtor's Chapter 11 filing and/or the management of the Debtor by Antonia Milonas ("Antonia") by November 27, 2020 at 4:00 p.m. This Supplemental Statement is being filed in accordance with the Court's direction.

## BACKGROUND

5. The Debtor is a New York limited liability company with two members, Spiros and Antonia. Spiros and Antonia are husband and wife, and each hold a fifty percent interest in the Debtor. The Debtor owns a luxury condominium building located at 40 East 72nd Street, New York, New York (the "Subject Property"). The Subject Property has seven separate units, three of which were sold prior to the Filing Date and four of which are still owned by the Debtor as the condominium sponsor. Spiros and Antonia reside in the Penthouse unit at the Subject Property.

6. Prior to their marriage in 2001, Spiros and Antonia entered into a pre-nuptial agreement, which was amended four times subsequent to the marriage (collectively, the "Marital Agreement"). During the course of a state court litigation commenced by Antonia against Spiros regarding the Marital Agreement, the Court recognized that Spiros did not appear to be fully cognizant of the happenings with regard to the matter. Thus, the Court, *sua sponte*, appointed

Evridiki Poumpouridis ("Poumpouridis") as guardian *ad litem* of Spiros. Upon investigation, Poumpouridis determined that the services of a guardian *ad litem* were insufficient to meet Spiros' needs and that it was essential that she commence an action pursuant to Article 81 of the New York Mental Hygiene Law ("MHL") to have a guardian appointed over the person and the property of Spiros.

7. Thus, Poumpouridis commenced an action in New York State Supreme Court, New York County bearing index number 50005/2020 (the State Court Action") seeking the appointment of a guardian of the person and property of Spiros. In the petition commencing the State Court Action, Poumpouridis expressed her grave concerns that Spiros was susceptible to, and enduring, manipulation and financial exploitation, and gave examples of each having been perpetrated against him by, *inter alia*, Antonia and his two adult daughters, Claire Milonas and Sofia Milonas (collectively, the "Daughters").

8. The Daughters interposed a cross-petition in the State Court Action seeking to be appointed guardians for Spiros, but by Order dated August 10, 2020 (the "Appointment Order"[1]), the Judge in the State Court Action issued an Order denying the Daughters' cross-petition and appointing Papageorgiou the guardian of the property of Spiros pursuant to Article 81 of the Mental Hygiene Law.

9. As guardian of the property of Spiros, Papageorgiou has a fiduciary responsibility to Spiros. While all fiduciary relationships require a duty of care, MHL section 81.20 specifically provides that a guardian shall exercise the utmost care and diligence when acting on

---

[1] The Appointment Order was a short-form Order and will be supplanted by a Final Order and Judgment, which is in the process of being finalized and will soon be submitted to the State Court for signature.

behalf of the incapacitated person...and a guardian shall exhibit the utmost degree of trust, loyalty and fidelity in relation to the incapacitated person.

10. Given Spiros' considerable assets and involvement in at least five pending lawsuits, the role of guardian of Spiros' property is substantial. Multiple parties have demonstrated the desire to "relieve" Spiros of his assets. Thus, in exercising her power as guardian, Papageorgiou is ever-mindful of her obligation to Spiros and is determined to safe-guard his property.

## **DISCUSSION**

11. "[T]he Bankruptcy Code does not establish express rules relating to authority to file a voluntary petition for relief. See In re American Globus Corp., 195 B.R. 263, 265 (Bankr. S.D.N.Y. 1996). In order to determine authority to file, bankruptcy courts initially look to the state law governing the entity. Price v. Gurney, 324 U.S. 100, 106, 65 S. Ct. 513, 89 L. Ed. 776 (1945)." In re Quad-C Funding LLC, 496 B.R. 135, 141 (Bankr. S.D.N.Y. 2013).

12. The Debtor is a New York limited liability company. "Under New York Limited Liability Company Law, the LLC's operating agreement governs the parties' conduct. To the extent the agreement is silent, there are default provisions in the New York Limited Liability Company laws that apply. Overhoff v. Scarp, Inc., 12 Misc.3d 350, 359, 812 N.Y.S.2d 809 (N.Y. Sup. Ct. 2004)." In re East End Development, LLC, 491 B.R. 633, 638-639 (Bankr. E.D.N.Y. 2013).

13. Here, the Debtor's operating agreement dated November 18, 2009 (the "Operating Agreement", ECF Dkt. No. 36) governs the conduct of its members. Paragraph 1(b) of the Operating Agreement provides that Spiros and Antonia are the sole members of the Debtor and

paragraph 1[c] provides that Spiros and Antonia are its sole managers.

14. According to the Debtor's corporate resolution dated October 23, 2020 (the "Corporation Resolution, ECF Dkt. No. 2), the filing of the Debtor's chapter 11 petition was authorized by Antonia as "sole manager" of the Debtor. In the Affidavit pursuant to Local Bankruptcy Rule 1007-2 (the "Rule 1007 Affidvit", ECF Dkt. No.9), Antonia states that "pursuant to the terms of the operating agreement" she is the sole manager of the Debtor as a result of Spiros' mental incapacitation.

15. Paragraph 4[c] of the Operating Agreement provides that "[a] Manager shall be deemed to have resigned if he or she shall become Incapacitated (as hereinafter defined), in which case the other Manager shall act alone."

16. While Papageorgiou does not concede that the formalities required for a determination of incapacity set forth in the Operating Agreement were met, as there has been a judicial determination of Spiros' incompetence, it is respectfully submitted that the question is moot.

17. By virtue of the foregoing, Papageorgiou will not assert that the Debtor's bankruptcy filing was not duly authorized, and believes that the Debtor should remain in bankruptcy as a Chapter 11 debtor-in-possession.

18. While Papageorgiou is not contesting the legitimacy of the Debtor's filing, she must remain vigilant in the exercising of her fiduciary obligations as the guardian of Spiros' property.

19. Even though Spiros is deemed to have resigned as a Manager of the Debtor by operation of his incapacity, he is still wholly possessed of his membership in the Debtor. As

Spiros maintains a fifty percent interest in the Debtor, it is Papageorgiou's fiduciary duty to safeguard said interest. This duty is recognized in New York Limited Liability Company Law Section 608, which provides, in pertinent part, that:

> If a member who is a natural person dies or a court of competent jurisdiction adjudges him or her to be incompetent to manage his or her person or his or her property, the member's executor, administrator, guardian, conservator or other legal representative may exercise all of the member's rights for the purpose of settling his or her estate or administering his or her property....

20. Papageorgiou's function here is to protect Spiros' assets, being the equity in the Debtor. In order to comply with her fiduciary obligations and preserve said equity, it is respectfully submitted that the Debtor should be directed to inform Papageorgiou in advance of any and all material decisions regarding the governance of the Debtor.

## **CONCLUSION**

21. It is respectfully submitted that Papageorgiou should be afforded the respect and recognition due her as guardian and that she be afforded the ability to fulfill her fiduciary obligations.

22. With respect to the Debtor's Motion, there have been extensive negotiations between the parties regarding same and it appears that the parties will be able to reach an amicable resolution of the matter. As such, Papageorgiou will not raise further objection to the Debtor's Motion at this time. However, Papageorgiou reserves all of her rights, including but not limited to those set forth in her prior Statement in response to the Debtor's Motion.

**WHEREFORE**, Papageorgiou respectfully requests that the Court enter an Order granting the relief requested herein and such other and further relief as the Court deems to be just and proper in the circumstances.

Dated: Melville, New York  
      November 27, 2020

Law Office of Michael G. Mc Auliffe, Esq.  
Counsel to Constantina S. Papageorgiou, Esq.

By:    */s/ Michael G. Mc Auliffe*  
Michael G. Mc Auliffe, Esq.  
68 South Service Road, Suite 100  
Melville, New York 11747  
(516) 927-8413