**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Axia Realty, LLC*
*Debtor and Debtor-in-Possession*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Scott S. Markowitz, Esq.
smarkowitz@tarterkrinsky.com
Robert A. Wolf, Esq.
rwolf@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

**In re**

**AXIA REALTY, LLC,**

                 **Debtor.**

**Chapter 11**

**Case No. 20-12511 (MG)**

---------------------------------------------------------------X

**DEBTOR'SAPPLICATION FOR ENTRY OF AN ORDER, PURSUANT TO FED. R. BANKR. P. 2004, DIRECTING PRODUCTION OF DOCUMENTS FROM, AND APPEARANCE AT EXAMINATION BY LEVANT PARTNERS U.S. L.P**

**TO:    THE HONORABLE MARTIN GLENN,**
         **UNITED STATES BANKRUPTCY JUDGE:**

Axia Realty, LLC, as debtor and debtor-in-possession in this Chapter 11 case (the "**Debtor**"), by its attorneys, Tarter Krinsky & Drogin LLP, submits this application (the "**Application**") for entry of an order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rule 2004**"): (i) directing Levant Partners U.S. L.P. ("**Levant Partners**") to produce the documents set forth in **Schedule A** to this Application; and (ii) authorizing the Debtor to conduct the examination of Levant Partners by an officer, director, employee or other representative possessing knowledge and/or information with respect to all

matters set forth in this Application. In support of this Application, the Debtor respectfully states as follows:

**JURISDICTION**

1. This Court has subject matter jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Application in this District is proper under 28 U.S.C. § 1408. This Application is brought pursuant to Bankruptcy Rule 2004.

**BACKGROUND**

2. On October 26, 2020 (the "**Petition Date**"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in this Court.

3. The Debtor is the sponsor of a boutique luxury condominium development located at 40 East 72nd Street, New York, NY (the "**Property**"). Commencing around 2015, the Debtor embarked on a total renovation of the Property and converted the Property to a condominium development comprised of six (6) residential units and one office unit. The Debtor is the sponsor of the condominium plan which was approved by the New York Attorney General in 2017.

4. Prior to the Petition Date, the Debtor sold three (3) of the six (6) residential condominium units to arms-length purchasers. The Debtor still owns three (3) residential condominium units: unit 1, unit 2 and unit 6. The Debtor's two members, Antonia Milonas ("**Antonia**"), and her husband Spiros **Milonas** ("**Spiros**"), who has been declared incompetent, reside in unit 6. The Debtor also owns unit 1A, the unit which is designated as an office under the Debtor's condominium offering plan.

**The Levant Note**

5. Upon information and belief, Levant Partners is an affiliate of the Ionian Group, the global shipping company founded by Spiros and now controlled by his two adult daughters from his marriage to his prior wife.

6. Levant Partners purports to hold a Promissory Note from the Debtor dated February 4, 2016 (the "**Levant Note**") in the principal amount of "advances made pursuant to this Note (such principal amount being the "Principal Sum")…" No specific principal amount nor maximum sum thereof is set forth in the Levant Note.

7. Significantly, the copy of the Levant Note which the Debtor possesses contains the signature only of Spiros, with a blank signatory block for Antonia that does not bear her signature. The absence of Antionia's signature on the Levant Note would appear to be in contravention of the provision in Section 4(e) of Axia's Amended and Restated Operating Agreement that required the unanimous consent of the two of the Debtor's managers, at the time of the purported execution of the Levant Note, Antonia and Spiros, for, among other things, "the incurrence, issuance, assumption, guarantee or refinancing of any debt by the Company."

8. Moreover, the Debtor's copy of the Levant Note is accompanied by the February 13, 2017 email of Joseph J. Migliozzi, the then Executive Vice President of Ionian Management, Inc., part of the Ionian Group founded by Spiros, which states in relevant part: "each require Antonia's signature." A subsequent email of Mr. Migliozzi dated June 21, 2017 indicated there was a partial repayment of the Levant Note in excess of $4 million against and outstanding indebtedness of $6.2 million presumably for the proceeds of the sale of the three condominium units.

9. By virtue of the foregoing, there are serious questions as to the bona fides of the Levant Note for which the Debtor needs to have Levant Partners produce various documents and appear to give testimony pertaining to the Levant Note.

10. By this Application, the Debtor seeks documents from Levant Partners pertaining to the Levant Note, including, without limitation, the executed Levant Note itself, all prior drafts of the Levant Note, all loan agreements and drafts thereof in connection with same, all documents evidencing the transfer of loan monies from Levant Partners to the Debtor, all documents evidencing the payment of monies from the Debtor to Levant Partners, and all communications in connection with all of the foregoing. The aforesaid documents are among those included in **Schedule A** attached hereto. In addition, pursuant to this Application, the Debtor also seeks to conduct the Rule 2004 examination of Levant Partners, by a partner or other representative possessing knowledge and/or information with respect to all of the foregoing.

**Additional Matters**

11. In addition to the above, the Debtor seeks documents and Bankruptcy Rule 2004 testimony from Levant Partners pertaining to any other transactions, both those which have allegedly been consummated and those which had been proposed between Levant Partners and the Debtor during the period January, 2013 through the Petition Date, and production of any records of the Debtor generated during that period of time that "may relate … to the acts, conduct, or property or to the liabilities and financial condition of the [D]ebtor, or to any matter which may affect the administration of the [D]ebtor's estate," as authorized by Bankruptcy Rule 2004.

**LEGAL BASIS FOR RELIEF REQUESTED**

12. Bankruptcy Rule 2004 states in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
> (b) Scope of Examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge . . . [T]he examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given therefor, and any other matter relevant to the case or to the formulation of a plan.
>
> (c) Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

13. Examinations under Bankruptcy Rule 2004 include within their scope, *inter alia*, any matter that may relate to the property and assets of the estate, the financial condition of the debtor, and any matter that may affect the administration of a debtor's estate. See Fed. R. Bankr. P. 2004(b). Moreover, Bankruptcy Rule 2004(c) allows the Debtor to seek the production of documents in connection with a Bankruptcy Rule 2004 examination.

14. Courts have consistently recognized that the scope of discovery under Bankruptcy Rule 2004 is extraordinarily broad. See, e.g., In re Ionosphere Clubs, Inc., 156 B.R. 414, 432 (S.D.N.Y. 1993), aff'd 17 F.3d 600 (2d Cir. 1994) (likening the scope of a Rule 2004 examination to a 'fishing expedition'); In re Bakalis, 199 B.R. 443, 447 (Bankr. E.D.N.Y. 1996) (same); In re The Bennett Funding Group, Inc., 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (holding that scope of a Rule 2004 examination is "admittedly 'unfettered and broad.'").

15. Accordingly, in this case, the Debtor is clearly entitled pursuant to Bankruptcy Rule 2004 to both documentation and testimony from Levant Partners with respect to the Levant Note, alleged advances made thereunder, Debtor's payments to Levant Partners, and additional matters pertaining to the Debtor's acts, assets, liabilities and financial condition, and to the administration of the Debtor's estate.

## **NO PRIOR RELIEF**

16. No prior application for the relief sought herein pursuant to Bankruptcy Rule 2004 has been made to this or any other Court.

**WHEREFORE,** the Debtor respectfully requests entry of an Order pursuant to Bankruptcy Rule 2004, substantially in the form of the proposed Order annexed hereto as **Exhibit 1**, granting the Debtor the relief requested in the instant Application.

Dated: New York, New York
December 14, 2020

                                      **TARTER KRINSKY & DROGIN LLP**
                                      *Attorneys for Axia Realty, LLC*
                                      *Debtor and Debtor-in-Possession*

                                      By: /s/ Scott S. Markowitz
                                            Scott S. Markowitz, Esq.
                                            Robert A. Wolf, Esq.
                                            1350 Broadway, 11th Floor
                                            New York, New York 10018
                                            (212) 216-8000
                                            smarkowitz@tarterkrinsky.com
                                            rwolf@tarterkrinsky.com

# SCHEDULE A[1]

1. Original and copy of the executed Levant Note.[2]

2. All prior drafts of the Levant Note.

3. All loan agreements between Levant Partners and the Debtor.

---

[1] The term "any" means "all" and vice versa.

The term "communication" shall mean any conversation or other oral contact, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted or transferred, whether or not subsequently recorded in writing. The term means and includes, without limitation, statements, discussions, negotiations, conversations, speeches, meetings, remarks, reports, executive summaries, briefings, questions, answers, panel discussions, and symposia, whether written or oral. The term includes both communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, televisions, radio, modem or electronic mail.

The term "document," as used herein, shall mean, without limitation, includes any contracts, agreements, communications, correspondence, memoranda, summaries, notes, records, reports, studies, books, summaries, writings, summaries or records of telephone conversations or electronic mail messages, summaries or records of personal conversations or interviews, summaries or records of negotiations, diaries, telegrams, minutes or records of meetings or conferences, calendars, forecasts, work papers and all drafts (of whatever date), journals, file folders, ledgers, accounts, appraisals, bills, invoices; checks, statements, inter-office or intraoffice communications, electronic mail messages, bulletins, brochures, pamphlets, circulars, trade letters, printed matter including newspapers, magazines and other publications, and articles and clippings therefrom, advertisements, press releases, teletypes, telecopies, facsimiles, lists, language translations, transcriptions, computer printouts, disks or tapes, graphs, charts, drawings, photographs, film, other recordings, audio or video tapes, microfiche, microfilm, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. Any draft, copy, amendment, alteration, or modification of any document which differs in any respect from the original or final document, whether in words, numbers, punctuation, date, length or format, or by reason of notations, annotations, comments or other markings thereon, or otherwise, is a separate document. Where only part of a document relates to a subject of a request of production of documents, the entire document is requested. When a document is within the scope of a request for production of documents, all amendments, riders, drafts, attachments, exhibits thereto, and all other documents which were ever physically attached to such document, by any means, are also requested. When an amendment, rider, attachment or exhibit to a document is within the scope of a request for production of documents, the document, and all other amendments, riders, attachments, exhibits thereto, and all drafts of any of them, are also requested. If a photograph, film, computer disk or tape, video tape, or audio tape, or any part of any of them, comes within the scope of a request for production of documents, all other photographs and the rest of the film taken on the same roll of film of such photograph or film, and the entire computer disk or tape, video tape and audio tape are requested, as are any inexact duplicates of any such photograph, film, disk or tape, including, without limitation, all enlargements, enhancements, and the like. Written voice recorded notes, measurements, and dictations for later transcription for review are within the definition of documents in this Request.

[2] All capitalized terms not defined herein shall have the same respective meanings ascribed to them in this Application.

4. All prior drafts of all loan agreements between Levant Partners and the Debtor.

5. All documents evidencing the transfer of funds from Levant Partners to the Debtor, including, without limitation, all loan monies, capital contributions and other monies so transferred, together with copies of Levant Partners' bank statements reflecting such transfers.

6. All documents evidencing the transfer of monies from the Debtor to Levant Partners, including, without limitation, all loan repayments, repayments of capital contributions, and other payments, together with copies of Levant Partners' bank statements reflecting such repayments and payments.

7. All written communications regarding Items 1-6 above.

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re

**AXIA REALTY, LLC,**

**Debtor.**

-------------------------------------------------------------X

**Chapter 11**

**Case No. 20-12511 (MG)**

### ORDER DIRECTING PRODUCTION OF DOCUMENTS FROM, AND APPEARANCE AT EXAMINATION BY, LEVANT PARTNERS U.S. L.P. PURSUANT TO BANKRUPTCY RULE 2004

Upon the Application, dated December 14, 2020 (the "**Application**"), of Axia Realty, LLC, debtor and debtor-in-possession (the "**Debtor**") in the above-captioned Chapter 11 case, seeking an order (i) directing Levant Partners U.S. L.P. ("**Levant Partners**") to produce the documents set forth in **Schedule A** to the Application; and (ii) authorizing the Debtor to conduct the examination of Levant Partners by an officer, director, employee or other representative possessing knowledge and/or information with respect to all matters set forth in the Application pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rule 2004**"); and just cause appearing therefor; it is hereby

**ORDERED**, that Levant Partners is hereby directed to produce and deliver to the offices of the Debtor's Counsel, Tarter Krinsky & Drogin LLP, 1350 Broadway, 11th Floor, New York, NY 10018 (the "**TKD Offices**"), on or before **January 11, 2021**, the documents listed in **Schedule A** to the Application that are in its possession, custody and/or control; and it is further

**ORDERED**, that the Debtor is authorized to examine Levant Partners by an and Levant Partners is hereby directed to appear for such examination, on **January 14, 2021 at 10:00 a.m.**, or on such other date to which the Debtor and Levant Partners may mutually agree, by *Zoom* video conferencing or another remote video method pursuant to instructions to be provided by Debtor's Counsel and at any continued date of such examination, for all purposes and with respect to all

subjects permitted pursuant to Bankruptcy Rule 2004, including, without limitation, for all of the purposes and with respect to each of the subjects set forth in the Application; and it is further

**ORDERED**, that Levant Partners, be, and hereby is, directed to produce at the TKD Offices, for examination and copying, any documents in its possession, custody and/or control subsequently requested by the Debtor as a result of information obtained from documents produced for, at and/or after the Bankruptcy Rule 2004 examination, and/or from testimony at the examination; and it is further

**ORDERED**, that service by first class mail of a copy of this Order and the Application upon which it is granted, on or before the second (2nd) business day following entry of this Order, upon: (i) Levant Partners at its last known address, 5 Columbus Circle, 17th Floor, New York, NY 10019; and (ii) Office of the United States Trustee, 201 Varick Street, New York, NY 10014, Attn: Shara Cornell, Esq., shall be deemed good and sufficient service.

Dated: New York, New York
       December __ 2020

---

**HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**